*117 OPINION.
Phillips:
Section 240(b) of the Revenue Acts of 1918 and 1921 provides:
For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock.of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
In this proceeding we find that Wofford, who directed the business policies of both companies, owned 75 per cent of the stock of one company, which in turn owned 62 per cent of the stock of the second company. It becomes necessary for us to determine whether, under the circumstances shown by the proof, 62 per cent constitutes substantially all of the stock and, if not, whether a sufficient amount of the stock not owned by petitioner was controlled by it, or owned or controlled by closely affiliated interests.
In determining whether interests are closely affiliated, it is proper that we should look to the relationship which exists between the *118 various interests. As between the petitioner and the stockholders of the Tennessee corporation there appears to be nothing which would lead one to believe their interests were closely allied. It is true that each was dealing in the same product and that each purchased this product from the same source. Each, however, dealt independently of the other; each had its own independent income and was an entirely separate and distinct business enterprise. There was no such community of business enterprise, no such interweaving of the corporate interests of the petitioner and the Tennessee corporation as would indicate any affiliation of interests between the petitioner and the minority stockholders of the Tennessee corporation.
We come now to consider whether Wofford controlled substantially all the stock of the two corporations. Assuming that he did control the stock of the petitioner (and of this we have some doubt), and thereby controlled 62 per cent of the stock of the Tennessee corporation, we see no evidence of any control of the remaining 38 per cent. Each of these stockholders appears to have been of substantial means, under no financial or other obligation to Wofford, with a business of his own and the ability and desire to look after his own interests. Although they acquiesced in the management by Wofford, they were uot satisfied and expressed their dissatisfaction. There were no formal stockholders’ meetings, but at the only informal meeting of which we have any evidence most of the stockholders appear to have manifested sufficient interest to attend in person. The attitude of the stockholders may be summarized in the testimony given by one of them in answer to the question whether the Chattanooga stockholders were perfectly satisfied with the way things were run:
No, sir, they were not satisfied; We did not know much about it but we were not satisfied with the way things were run, but we could not do anything about it.
Such an attitude of mind may indicate a feeling of helplessness to remedy a situation, but surely it does not indicate any control of the stock by Wofford..

The deficiencies are redetermined to he $6,5%8M for 19%0 and $7,729M for mi. Order will he entered accordingly.